Each of the parties is engaged as a common carrier by motor vehicle in interstate and intrastate commerce. The action is to recover damages for breach of contract whereby defendant engaged to transport certain freight for plaintiff over described routes in consideration of a portion of the rate received by plaintiff. It is alleged in the answer that the agreement sued upon was but one of four contracts made to effect a reciprocal dr pooling agreement which is violative of the Sherman Antitrust Act (U. S. Code, tit. 15, § 1), of the Interstate Commerce Act, Part I (U. S. Code, tit. 49, § 5), of the Stock Corporation Law (§ 23) and of the General Business Law (§ 340). Order denying plaintiff’s motion to strike out certain paragraphs of the answer, and granting defendant’s motion for summary judgment, reversed on the law, with $10 costs and disbursements to appellant, the motion of defendant denied, with $10 costs, and plaintiff’s motion granted to the extent of striking out paragraphs VI, VII, *772 XI and XII, and otherwise denied, without costs. There is no allegation in the answer that the alleged agreement or conduct of the parties in pursuance thereof resulted in a monopoly (Lee Line Steamers v. Memphis, H. & R. Packet Co., 277 F. 5), price fixing (United States v. Socony-Vacuum Oil Co., 310 U. S. 150) or other inherent evil to eradicate which the Sherman Act was aimed. Viewed in accordance with the rule of reason (Standard Oil Co. v. United States, 221 U. S. 1), a pooling agreement is not unlawful per se, for it does not necessarily tend unduly to restrain competition (Maple Flooring Assn. v. United States, 268 U. S. 563, 578; Appalachian Coals, Inc., v. United States, 288 U. S. 344). Although such agreement would be within the province of the prohibition of the Commerce Act, even though made prior thereto as extended to include motor carriers (United States v. Freight Association, 166 U. S. 290, 342; Louisville & Nashville R. R. v. Mottley, 219 U. S. 467; Phila., Balt. & Wash. R. R. v. Schubert, 224 U. S. 603), defendant, in the light of denials contained in the reply, did not establish the essential allegations of the defense by evidentiary facts. (Rules Civ. Prac., rule 113.) In any event, the complaint suffices as to intrastate commerce, for the pooling agreement, as pleaded, is not violative of the State statutes invoked by defendant. (Barns v. Dairymen’s League Co-operative Assn., Inc., 220 App. Div. 624; Leslie v. Lorillard, 110 N. Y. 519, 534; Ceballos v. Munson Steamship Line, 93 App. Div. 593, 595; cf. Alexander’s Dept. Stores, Inc., v. Ohrbach’s Inc., 266 App. Div. 535.) As to the remaining paragraphs to which plaintiff’s motion is addressed, it is not unlawful for a carrier “to receive freight of shippers for transportation” and turn it over for carriage to another, and the provisions of the First and Second War Powers Acts of Congress are immaterial to this litigation. The final paragraph of the answer contains only repetitious and conelusory allegations. The remaining paragraphs of the answer which are the subject of attack have not been struck out because they contain factual allegations tending to show the existence of a pooling arrangement. Hagarty, Acting P. J., Carswell, Johnston, Adel and Nolan, JJ., concur. [187 Misc. 193.] [See post, p. 910.]